# Third District Court of Appeal

## State of Florida

Opinion filed July 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1521
Lower Tribunal No. F17-9386
_____

**Jeffrey Lagrandeur,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Jeffrey Lagrandeur, in proper person.

James Uthmeier, Attorney General, and Magaly Rodriguez and Katryna Santa Cruz, Assistant Attorneys General, for appellee.

Before LINDSEY, MILLER and LOBREE, JJ.

PER CURIAM.

Jeffrey Lagrandeur appeals from an order of the trial court construing

his petition for writ of habeas corpus as a motion to correct illegal sentence and summarily denying relief.  Buried within Lagrandeur's nine-page, mostly handwritten petition were at least five distinct claims.[1]  It is well settled that habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief pursuant to the Florida Rules of Criminal Procedure. See Fla. R. Crim. P. 3.850(h); Baker v. State, 878 So. 2d 1236 (Fla. 2004); Harper v. State, 413 So. 3d 1002 (Fla. 3d DCA 2025).  We affirm without discussion as to the sentencing claims that the trial court properly adjudicated under Florida Rule of Criminal Procedure 3.800(a), but reverse and remand for the trial court to consider the remaining claims under Florida Rule of Criminal Procedure 3.850.

Affirmed in part; reversed in part; remanded with directions.

---

[1] The state's response below identified two claims of ineffective assistance of counsel, a jury instruction issue, a challenge to the imposition of a habitual violent felony offender sentence, and an alleged discovery violation. Lagrandeur argues on appeal that his petition raised twenty claims.  The handwritten petition is arguably conclusory and borders on unintelligible. According the petition a liberal interpretation, in addition to the sentencing claims adjudicated we discern marginally sufficient facial allegations that Lagrandeur was denied effective assistance of trial counsel.